*367 OPINION.
SteRNHagen :
A motion of the respondent to dismiss for want of jurisdiction because the Trahern Pump Company, to which the deficiency notice was addressed, had been previously dissolved and the Eoper Corporation, which, as its successor, had instituted this proceeding, was not the corporation as to which a deficiency had been determined, was denied prior to the hearing. It was renewed at the time of trial. Since the Trahern Corporation was not simply dissolved, but was, with others, consolidated under the Illinois consolidation statute to form the Eoper Corporation, the Board has jurisdiction of a proceeding instituted in the name of either, and a fortiori one instituted in the name of both, Bowman Hotel Co., 24 B. T. A. 1193; Oswego Falls Corp., 26 B. T. A. 60.
*368 The petitioners contend that from the beginning of the last fiscal period, i. e., September 1, 1918, until the date of the consolidation into the Roper Corporation, i. e., August 18, 1919, the Trahern Company was affiliated, within section 240 of the Revenue Act of 1918, with the three other corporations, by virtue of which a consolidated return was rightfully filed. The Commissioner held against the inclusion of the Trahern Company in the affiliated group, and computed the deficiency with regard to its separate income.
The evidence is that from August 31, 1918, to February 15, 1919, 370 shares (30.83 per cent) were owned by unidentified persons, and 101 shares (8.41 per cent) were owned by Jilbert, who was not a shareholder in any of the other three corporations. Thus, so far as this record shows, over 39 per cent of the total outstanding shares was owned by persons who had no relation to the other corporations. In the succeeding period until the date of the statutory consolidation, i. e., August 18, 1919, as shown by the list of shareholders on February 15, 1919, and the temporary receipts for shares deposited, the holders of 35.33 per cent of the shares of the petitioner were not shareholders in any of the other three corporations. There is no evidence from which it could be said these shareholders of 39.24 per cent and 35.33 per cent, respectively, were the same interests as those who owned the remaining 60.76 per cent and 64.67 per cent. It needs no demonstration to hold that substantially all the shares are not owned by the same interests, and Handy & Harman v. Burnet, 284 U. S. 136, has settled any lurking doubt.
The petitioners argue, however, that the express intention to consolidate, with its mere postponement to await the modification of the state statute, the deposit of shares with the trust company, the unified operation of the business of the four corporations, and the consummation of the consolidation upon the basis of values on September 1,1918, was within the intendment of the affiliation provision of the revenue act and a substantial compliance with its conditions; and, furthermore, that this contention is consistent with the exposition of the statute in Handy & Harman v. Burnet, supra. The argument must, we think, be rejected. Notwithstanding the deposit of shares and the unification of management and operation, there continued until August 18, 1919, a want of that “legally enforceable control ” which the Supreme Court held to be indispensable to affiliation. During the period of suspense of the plan of consolidation, the minority shareholders of the Trahern Company were still the owners of their shares in that corporation. They owned no shares in any of the other corporations, and no one else had legally enforceable control of their shares. Prior to the proposed consolidation, they were not, as petitioners argue, beneficial owners, proportionate or otherwise, in any of the shares of the other corporations. The clause of the Handy *369 & Harman case which petitioners invoke is “ unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations.” This may not be forcibly-expanded to include the tentative expectancy of the separate shareholders which is here. Lafayette-South Side Bank v. Commissioner, 33 Fed. (2d) 646. Nor is the test of legally enforceable ownership or control of shares satisfied by control of the business, even though the shareholders of all corporations tolerate a shifting of profits or expenses,. Commissioner v. Gong Bell Mfg. Co., 48 Fed. (2d) 205 (certiorari denied, 284 U. S. 670), reversing 15 B. T. A. 152; Black Diamond Coal Co. v. Commissioner, 61 Fed. (2d) 573. That the basis of measuring the individual shareholder’s right in the consolidated corporation when formed was the face value of capital, surplus and undivided profits as of September 1, 1918, is not determinative of the legally enforceable control during the interim period, nor is the fact that during that period there was no distribution of surplus or profits. They only indicate the existence and fulfillment of the plan of consolidation of which they were incidents; but, as we have seen, the plan and its incidents are not the determinants of the statutory control of shares.
The petitioners claim that the deficiency determined on the basis of a separate return is excessive in so far as it does not take into the computation the amount paid by or for the Trahem Company as its share of the tax assessed upon the consolidated return. The petitioners are obviously entitled to offset the deficiency by such payment of 1919 tax already made, Washburn Wire Co., 26 B. T. A. 1146; Folger & Co., 27 B. T. A. 1.

Judgment will be entered under Rule 50.